**Jagtar SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–72007.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 22, 2004.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ashwani K. Bhakhri, Esq., Burlingame, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, James A. Hunolt, Esq., Teresa L. Donovan, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, MCKEOWN, and BERZON, Circuit Judges.

MEMORANDUM **

Jagtar Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals summarily affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the IJ's adverse credibility finding, see *Wang v. INS*, 352 F.3d 1250, 1253 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination, which was based on numerous significant discrepancies within Singh's testimony and between Singh's testimony and documentary evidence. *See id.* at 1258. The IJ noted, among other problems, that Singh's testimony concerning when and how many times police subjected him to torture with a wooden roller was inconsistent and that Singh provided widely varying testimony about who was home when he was arrested for the third time, who was arrested with him, and whether his fellow arrestees were detained.

Because the IJ provided these and other specific, cogent reasons for her adverse credibility determination, we are not compelled to reach a contrary conclusion. *See id.* Accordingly, Singh did not establish eligibility for asylum or withholding of removal. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Because Singh's claims under the CAT were based on the same testimonial and documentary evidence that the IJ determined to be not credible in connection with Singh's asylum claim, the IJ also properly denied Singh protection under the CAT.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

834

*See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.